# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADELL STEPHENS, | CASE NO. 1:10-cv-00607-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED |
| v. | |
| DR. RAMAN, et al., | (Doc. 2) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |
| _____ / | |

Plaintiff Ladell Stephens ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 8, 2010, Plaintiff filed a motion requesting permission to proceed in forma pauperis in this action. (Doc. #2.) For the reasons set forth below, the Court will recommend that Plaintiff's motion to proceed in forma pauperis be denied.

"Plaintiffs normally must pay $350 to file a civil complaint in federal district court . . . but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting [in forma pauperis] status. Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). Under Section 1915(a)(1):

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

However, a prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This limitation is commonly known as the "three strikes" rule. See Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.'" Id. at 1121. However, "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id.

A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citations and quotations omitted). The Court takes judicial notice of the following civil actions filed by Plaintiff in the Southern District of California and dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted: (1) Stephens v. Lopez, 3:03-cv-01440-JM-NLS (dismissed as frivolous on August 22, 2003); (2) Stephens v. Giurbino, 3:02-cv-02444-K-BEN (dismissed for failure to state a claim on June 30, 2003); (3) Stephens v. Beltran, 3:03-cv-00202-JM-POR (dismissed for failure to state a claim on April 24, 2003); and (4) Stephens v. Rodriguez, 3:03-cv-00717-JM-POR (dismissed for failure to state a claim on July 16, 2003). This Court revoked Plaintiff's in forma pauperis status in a different lawsuit, Stephens v. Castro, 1:04-cv-06717-AWI-SMS, because Plaintiff accumulated three strikes.

Further, the Court finds that Plaintiff does not qualify for the imminent danger exception under 28 U.S.C. § 1915(g). "Prisoners qualify for the [imminent danger] exception based on the alleged conditions at the time the complaint was filed. And qualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews v. Cervantes, 493 F.3d at 1052. "[T]he exception applies if the complaint

1  makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at
2  the time of filing." Id. at 1055. "[A] prisoner who alleges that prison officials continue with a
3  practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger'
4  standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57.

5      Plaintiff's complaint does not indicate that Plaintiff was in imminent danger of serious
6  physical injury at the time he filed his complaint. Plaintiff's complaint alleges that he was denied
7  "Tremedols," a drug for chronic lower back pain between March 31, 2009, and April 14, 2009,
8  because Defendant Villasenyor failed to inform Plaintiff that a new order of his medication had
9  arrived. Plaintiff continued receiving his medication on April 14, 2009, after he was informed that
10 the medication arrived on April 7, 2009. There is no indication that Plaintiff was denied medication
11 on any other occasion, foreclosing the conclusion that Defendants continually exposed Plaintiff to
12 an ongoing danger. Further, it is unclear whether the deprivation of "Tremedols" constitutes a risk
13 of serious physical injury.

14     Accordingly, the Court finds that Plaintiff has, while incarcerated, accumulated more than
15 three strikes pursuant to Section 1915(g) and Plaintiff's complaint does not allege that Plaintiff was
16 in imminent danger of serious physical injury at the time he filed his complaint. Based on the
17 foregoing, the Court HEREBY RECOMMENDS that:

18     1.    Plaintiff's request to proceed in forma pauperis be DENIED; and

19     2.    This action be dismissed for Plaintiff's failure to pay the filing fee.

20     These Findings and Recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)
22 days after being served with these Findings and Recommendations, any party may file written
23 objections with the Court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
25 shall be served and filed within ten (10) days after service of the objections. The parties are advised
26 that failure to file objections within the specified time may waive the right to appeal the District
27 ///
28 ///

1  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:    February 10, 2011**              /s/ **Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE